IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 26 2012

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| LEONARD BRYANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-863-A |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| AS TRUSTEE FOR THE CMLTI | § | |
| ASSET BACKED PASS-THROUGH | § | |
| CERTIFICATES, SERIES | § | |
| 2007-AMC3, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action.  Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

On November 5, 2012, plaintiff, Leonard Bryant, initiated the above-captioned action by the filing of his original petition in the District Court of Tarrant County, Texas, 67th Judicial District, against defendant, U.S. Bank National Association, as

Trustee for the CMLTI Asset-Backed Pass-Through Certificates, Series 2007-AMC3.  By notice of removal filed December 3, 2012, defendant removed the action to this court, alleging that this court had subject matter jurisdiction by reason of diversity of citizenship, as contemplated by 28 U.S.C. § 1332, and that the amount in controversy exceeded the sum or value of $75,000, exclusive of interest and costs, as contemplated by § 1332(a).

Defendant contended in the notice of removal that where, as here, a plaintiff seeks declaratory or injunctive relief, the value of the object of the litigation constitutes the amount in controversy, and further maintained that where a right to property is called into question in its entirety, the value of the property controls the amount in controversy.  On that basis, defendant argued that because plaintiff's property was appraised at $139,000.00, it had established that the amount in controversy exceeded the jurisdictional minimum.

Because of a concern that defendant had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the court ordered defendant to file an amended notice of removal, together

2

with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount.  Defendant timely complied with the court's order.

## II.

### Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[1]  Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must

---

[1]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

therefore be resolved against the exercise of federal jurisdiction. <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. <u>Manguno</u>, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. <u>Id.</u>; <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. <u>See</u> <u>Garcia v. Koch Oil Co. of Texas Inc.</u>, 351 F.3d 636, 640 n.4 (5th Cir. 2003).

III.

<u>The True Nature of Plaintiff's Claims</u>

The petition by which plaintiff initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented.

4

Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiff makes vague, general, and obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiff's claims.  Having done so, and having considered the authorities and arguments cited by defendant in the amended notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

In the case at bar, plaintiff alleged that he executed a Texas home equity note and deed of trust to refinance a previous loan for his property.  The note identified Argent Mortgage Company, LLC, as the original mortgagee.  Plaintiff received notice of foreclosure by a substitute trustee other than the one named in the deed of trust.  Plaintiff also believes the note and deed of trust have become bifurcated.  Consequently, although

defendant has now moved to foreclose on plaintiff's property, plaintiff believes defendant may lack the right or authority to proceed with the foreclosure.  Plaintiff asserted a number of state law claims and causes of action against defendant, and asked for a declaration that defendant has acted unconscionably towards plaintiff and that defendant is required to produce the original note signed by plaintiff.  Plaintiff further sought to enjoin any transfer of his property.

Defendant in the amended notice of removal relies on the same arguments set forth in the notice of removal, adding citations to opinions from other district courts, some from other states, in support thereof.  The court is not persuaded by the other authorities cited in the amended notice of removal. Defendant also relies in part on Waller v. Professional Insurance Corporation, 296 F.2d 545, 547-48 (5th Cir. 1961), and Nationstar Mortage LLC v. Knox, 351 F. App'x 844 (5th Cir. Aug. 25, 2009), to support its contentions regarding the amount in controversy. The pertinent portion of Nationstar also relies on Waller.  This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such

as the instant action.   See <u>Ballew v. America's Servicing Co.</u>,

No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011).

Defendant has failed to persuade the court otherwise.

The court finds nothing in the amended notice of removal as

would establish by a preponderance of the evidence that the

amount in controversy in this action exceeds $75,000, exclusive

of interest and costs.   Therefore, the court lacks subject matter

jurisdiction over the action, and it should be remanded to the

state court from which it was removed.

IV.

<u>Order</u>

Therefore,

The court ORDERS that this action be, and is hereby,

remanded to the state court from which it was removed.

SIGNED December 26, 2012.

_____

JOHN McBRYDE
United States District Judge